KATHERINE OLEY, as Administratrix, etc., of JEREMIAH J. CLANCY, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 20547.)

Court of Claims, January 31, 1934.

*Welch & Welch,* for the claimant.

*John J. Bennett, Jr., Attorney-General [John M. Dooley* and *Joseph I. Butler, Assistant Attorneys-General,* of counsel], for the State of New York.

ACKERSON, J.   The facts relating to this claim are not in dispute. It is conceded that Jeremiah J. Clancy was employed by the defendant in connection with the Barge canal from January 22, 1926, to February 24, 1927.   During that period he worked in

such employment 249 days of eight hours each and one and one-half hours, for which the defendant paid him at the rate of six dollars per day, amounting in all to $1,495.13.

It is conceded that Jeremiah J. Clancy during the time of such employment was a structural iron worker and that he was so employed by the defendant during the said 249 days, 1½ hours in structural iron work. It is further conceded that the prevailing rate of wages for structural iron workers in the locality where said Clancy was employed during the time in question was eight dollars and eighty cents per eight-hour day instead of six dollars which Clancy was paid.

If he had been paid the prevailing rate of wages, therefore, he would have received $697.72 more than he was paid by the State for his services.

Thereafter, and on the 25th day of February, 1928, the said Jeremiah J. Clancy died.

Following his death the Legislature of this State passed an act known as chapter 479 of the Laws of 1929, which act took effect April 10, 1929.

This act empowered the Court of Claims to determine the claims of laborers, workmen and mechanics employed by the State on its canals since April 1, 1923, and award to them the difference between what they were paid for their services by the State and what they would have been paid if they had received the prevailing rate of wages for their services in all cases where the prevailing rate exceeded the rate at which they were paid. This act was later amended by chapter 701 of the Laws of 1930 and chapter 736 of the Laws of 1930, which in no way affected the claim before us, if it can be legally filed by an administrator, except to extend the time in which it might be filed to September 15, 1930.

The act makes no reference to employees of the State who worked on the canals since April 1, 1923, and who died either before or after a claim was filed for the additional compensation which the act provides shall be paid to those who received less than the prevailing rate of wages.

We have already held in several claims that where an employee died after filing his claim but before it was prosecuted to judgment his personal representative might be substituted as claimant and the same award could be made to him as the decedent would have been entitled to if he had lived.

On August 27, 1930, Anna E. Clancy, the widow of Jeremiah J. Clancy, was duly appointed as his administratrix and duly substituted as claimant herein as such administratrix. Thereafter and on September 13, 1930, within the time in which Jeremiah J.

Clancy could have filed his claim himself if he had been living, his said administratrix filed the claim herein demanding from the State the additional compensation which her intestate was entitled to under the Labor Law and the foregoing enabling acts.

On September 10, 1931, the claim was tried before the Court of Claims, but before the claim was finally submitted to the court for decision the said Anna E. Clancy died on the 23d day of October, 1931.

Thereafter and on May 16, 1932, Katherine Oley was duly appointed administratrix *de bonis non* of Jeremiah J. Clancy, deceased, and on April 5, 1933, she was duly substituted herein as claimant, as such administratrix, by an order of this court made on that day.

It is apparent, therefore, that if Jeremiah J. Clancy had lived he would have been entitled to an award against the State herein of $697.72.

The State, however, contends that he did not have any right of action at the time of his death and, therefore, there was no right to survive his death and pass on to his personal representative or his heirs at law or next of kin.

The decedent was employed by the State on its canals in 1926 and 1927. Section 220 of the Labor Law, then as now, provided that he should be paid the prevailing rate of wages. This the State failed to do and paid him $697.72 less than he was legally entitled to. He was barred at the time of his death and for a long time prior thereto from recovering this amount from the State because he had not filed his claim therefor within six months after the said claim accrued in 1927. About a year after he died the State consented to pay all of its canal employees who were employed during the same years as the decedent the additional compensation which the Labor Law directed should be paid to them at the time they were employed.

The $697.72 now demanded by this claimant is simply a portion of the decedent's wages which he had earned and was legally entitled to but was prevented from recovering against the State by a claim filed with its Court of Claims because of what amounts to a short statute of limitations. As he did not file his claim within six months after its accrual it could not be presented until such time as the State signified its consent to receive it. That its Legislature has now done by the enabling acts above set forth, but unfortunately Jeremiah J. Clancy has passed to his reward. He cannot file his claim in person, therefore, for the balance due him which the State now expresses its willingness to pay. That duty now devolves upon his personal representative. And we believe

it is the legal duty of such representative to present the claim for this portion of the decedent's wages so long withheld.

These enabling acts simply recognize an existing indebtedness and consent to its payment. They were passed by the Legislature for the specific purpose of enabling these employees to obtain from the State the balance of the wages to which they were legally entitled. The fact that Jeremiah J. Clancy died before these enabling acts took effect in no way discharged the State from its obligation to pay to him the wages which the law provided he should receive.

An indebtedness of this character to an individual becomes an indebtedness to his estate upon his death and can be collected by his personal representative in the same manner in which the decedent could have collected it if living. (Dec. Est. Law, §§ 116, 117 and 120.)

The claimant is, therefore, entitled to an award herein for the sum of $697.72, with interest from the date of filing of the claim on September 13, 1930.

Findings may be prepared in accordance with this opinion.

BARRETT, P. J., concurs.